SARAH E. WELCH, appellant,

*v.*

JOHN C. WELCH, respondent.

[Argued December 1st, 1915.   Decided March 6th, 1916.]

It is not a compliance with section 8 of the Divorce act (*2 Comp. Stat. p. 2032*), providing that the court of chancery shall not have jurisdiction of any cause of divorce unless the petitioner shall make and annex to his or her petition an oath or affirmation "that his or her petition is not made by any collusion between him or her and the defendant," where such jurisdictional affidavit states "that the complaint made in said petition is not made by any collusion between her and the respondent (naming him) in said petition named for the purpose of dissolving their marriage."

On appeal from a decree of the court of chancery advised by Advisory Master Biddle.

*Mr. Michael J. Tansey,* for the appellant.

The opinion of the court was delivered by

GARRISON, J.

The court of chancery dismissed the appellant's petition for divorce upon the ground that the affidavit annexed thereto did not conform to the statute and hence did not confer jurisdiction upon the court.

The statute (section 8 of the Divorce act; *2 Comp. Stat. p. 2032*) provides that the court of chancery shall not have jurisdiction of any cause of divorce unless the petitioner shall make and annex to his or her petition an oath or affirmation "that his or her petition is not made by any collusion between him or her and the defendant." The affidavit annexed to the petition in the present case was "that the complaint made in said petition is not made by any collusion between her and the re-

spondent, John C. Welch, in said petition named for the purpose of dissolving their marriage." This affidavit is substantially such as was required by the various divorce acts that preceded the Divorce act (revision) of 1907 (*P. L. 1907 p. 474.*) Thus in the latest of these earlier acts, viz., that of 1902 (*P. L. 1902 p. 502*), the jurisdictional requirement was that "the complainant or petitioner shall make his or her oath or affirmation which shall be annexed to the bill or petition that his or her complaint is not made by any collusion between him or her and the defendant."

By the revised statute of 1907, bills of complaint for divorce were dropped and contemporaneously therewith the word "complaint" in the jurisdictional affidavit was changed to "petition." This change was not required by the dropping of "bills" of divorce, for if in such earlier acts the word "complaint" was used in the sense of the invocation of jurisdiction by bill or petition, it would continue to have that sense when such invocation was by petition alone. The change from "complaint" to "petition" would indicate therefore that the former term was regarded by the revisers as meaning the gravamen of the bill or petition, *i. e.,* the statement of the cause on which the divorce was sought under the jurisdiction that was invoked by the bill or petition. This is what Chancellor Magie thought that the word "complaint" meant in this connection, for in *Brant* v. *Brant, 71 N. J. Eq. 66,* he says: "The complaint in such cases is the statement of the causes on which the divorce is sought. That complaint is contained in the bill or petition." The changes made by the revisers were therefore twofold— *first,* that jurisdiction should be invoked by petition, and *second,* that the affidavit should state that such jurisdiction was not invoked by collusion, not merely that the causes on which the divorce was sought were not by collusion. The distinction is a thoroughly practical one. Take the ordinary case of a couple who have agreed that one should file a petition for divorce to which the other would make no defence. Having agreed to this the petitioner could not without perjury, swear that such petition was not made by collusion, but if such collusion had not included the specific cause on which the divorce was to be

sought, the affiant might swear that "the complaint made in the petition" was not by collusion and yet be well within the facts of the given case.

The language of the act of 1907 is therefore more inclusive than that of the earlier acts and hence is not complied with by the affidavit that was annexed to the petition in the present case. This substantial ground for the affirmance of the decree of the court below renders it unnecessary to decide whether the court of chancery would not be justified in requiring that the jurisdictional affidavit should be in the words prescribed by the legislature even where the substituted language was apparently a substantial equivalent therefor.

The decree brought up by this appeal is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR—13.

*For reversal*—None.